UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EXPERIENCE INFUSION CENTERS, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION H-19-1721 |
| FLOWERS SPECIALTY, FOODSERVICE SALES, INC., | § § § § | |
| *Defendant.* | § § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are (1) a motion for judgment on the pleadings filed by defendant Flowers Specialty Foodservice Sales, Inc. ("Flowers") (Dkt. 19); and (2) a motion to file a late response filed by plaintiff Experience Infusion Centers, LLC ("Experience") (Dkt. 22). The motion to file a late response is GRANTED. Having considered the motion for judgment, response, reply, and applicable law, the court is of the opinion that the motion should be converted to a motion for summary judgment, as explained below.

**I. BACKGROUND**

This is an ERISA claim for wrongful denial of benefits under § 502(a)91)(B) of ERISA (29 U.S.C. § 1132(a)(1)(B)). *See* Dkts. 1-3 (original petition), Dkt. 11 (granting a nonsuit with regard to §§ 404(a)(1) and 409(a) of ERISA and fraud claims against Flowers). Experience, which provides infusion therapy and other healthcare related services, provided infusion therapy to Fernando Martinez, who was an employee of Flowers. Dkt. 1-3. Experience contends that Flowers wrongfully denied benefits due to Martinez and that Martinez assigned his benefits to Experience. *Id.*

Experience asserts that it exhausted its administrative remedies as it appealed the denial to "Flowers Food," which denied the benefit payment. *Id.*

Flowers moves for judgment on the pleadings, arguing that (1) Experience lacks standing to bring a claim under § 502(a)(1)(B) of ERISA because the ERISA plan had an anti-assignment provision; (2) Experience fails to state a claim because it does not allege any facts regarding how Flowers failed to comply with any term of the ERISA plan; (3) Exhibit B of the petition shows that payments were made consistent with the terms of the plan; and (4) Experience's claim fails because it did not exhaust the administrative remedies provided for under ERISA as described in the plan's claims and appeals procedures. Dkt. 20.

Experience responds first that while there may be an anti-assignment clause in the plan, it must be a "mere supposition to what essentially needs to be determined by this Court of law and through contract interpretations of the assignments and the validity behind said assignments." Dkt. 23. It argues that its petition validly states a claim as required by the Federal Rules of Civil Procedure. *Id.* With regard to exhaustion of administrative remedies, Experience "repudiates this argument" and argues that its petition and exhibits demonstrate that it has incurred economic damages and "brought forth a valid and just controversy before this Court." *Id.*

Flowers filed its motion for judgment on the pleadings on August 16, 2019. Dkt. 19. Experience's response was due on September 6, 2019. On September 9, 2019, Flowers filed a notice of non-opposition. Dkt. 21. On September 10, 2019, Experience filed a motion for leave to file a later response and its response. Dkts. 22, 23. Flowers filed a response to the motion to file a late response on September 16, and it filed its reply to the motion for judgment on the pleadings on September 16. Dkts. 24, 25. The motions are ripe for disposition.

## II. MOTION FOR LEAVE TO FILE LATE RESPONSE

Experience contends that good cause for filing its response to Flowers's motion late is "immediately apparent," that Flowers will not be prejudiced with the late response, and that there "is no apparent reason for denying the Motion to Respond, as none of the factors that may mitigate against it are present in this case." Dkt. 22. It then argues that the interests of justice and judicial economy will be served by having all allegations and arguments properly before the court. *Id.* Experience does not provide any reason for its late response in its motion to file the response late. *See id.* However, in its response to the motion for judgment on the pleadings, Experience states that its counsel's firm was undergoing a transition due to losing several employees. *See* Dkt. 23.

In response to Experience's motion to file its response late, Flowers asserts that Experience never asked it for an extension and offers no excusable neglect for missing the deadline. Dkt. 24. As far as the excuse offered in its response to the motion for judgment on the pleadings, Flowers contends that this is exactly the type of response that the Fifth Circuit has squarely rejected as not being excusable neglect. *Id.* Flowers also asserts that Experience did not even confer with it prior to filing the motion to file a late response, which in and of itself should be cause to deny the motion. *Id.*

Under Federal Rule of Civil Procedure 6(b)(1), a court has discretion to extend a deadline "for good cause" and on motion after the deadline has passed "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). The court "enjoys broad discretion to grant or deny an extension, and the excusable neglect standard is intended and has proven to be quite elastic in its application." *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012) (quotations omitted). In determining whether a party's failure to act is due to excusable neglect, the court considers four factors: (1) the possibility of prejudice to the other parties; (2) the length of the applicant's delay and its impact on

the proceedings; (3) the reason for the delay and whether it was within the control of the movant; and (4) whether the movant has acted in good faith. *Id.*

Here, Experience's motion to file a late response was filed four days after the response was due. There is therefore little possibility of prejudice to Flowers, and the very short length of delay also weighs in favor of granting the extension. The actual reason for delay is less convincing, but it does not appear there was any bad faith on Experience's part. Therefore, the court will exercise its significant discretion under this very specific set of facts to find that excusable neglect exists and GRANT Experience's motion. However, the court cautions Experience to appropriately calendar deadlines in the future and have backup plans to ensure transitions in staffing do not impact its ability to follow important court deadlines. Additionally, the court will not tolerate a failure to meet and confer before filing motions in the future.

### III. JUDGMENT ON THE PLEADINGS

Courts "evaluate a motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "Ultimately, the question for a court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *NuVasive, Inc. v. Renaissance Surgical Ctr.*, 853 F. Supp. 2d 654, 658 (S.D. Tex. 2012).

Under Federal Rule of Civil Procedure 12(d), if "on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be

4

treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Here, the court finds that consideration of evidence outside of the pleadings is necessary. Accordingly, the court is converting the motion for judgment on the pleadings to a motion for summary judgment and providing the parties with an opportunity to submit supplemental briefing as set forth in the conclusion below.

### IV. CONCLUSION

Experience's motion to file a late response (Dkt. 22) is GRANTED.

With regard to Flowers' motion for judgment on the pleadings (Dkt. 19), the court hereby CONVERTS Flowers' motion for judgment on the pleadings to a motion for summary judgment. Flowers may provide supplemental briefing, not to exceed fifteen (15) pages, within twenty (20) days of the date of this order. Experience may respond and provide its own supplemental briefing, not to exceed fifteen (15) pages, twenty (20) days after Flowers files its supplemental briefing.[1] Flowers may reply to Experience's supplement, but it must do so within five (5) days of the date on which Experience files its responsive briefing. The reply shall not exceed five (5) pages.

Signed at Houston, Texas on October 18, 2019.

_____
Gray H. Miller
Senior United States District Judge

---

[1] Both parties may attach additional summary judgment evidence to their supplemental briefing.