**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Experience Infusion Centers, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-19-1721 |
| | § | |
| Flowers Specialty, Foodservice Sales, Inc., | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are (1) a motion for judgment of the pleadings filed by defendant Flowers Specialty Foodservice Sales, Inc. ("Flowers"), which the court has converted into a motion for summary judgment (Dkt. 19 (motion); Dkt. 26 (order converting to a motion for summary judgment)); and (2) an unopposed motion for an extension of time to file a supplemental reply (Dkt. 28). The unopposed motion for an extension of time (Dkt. 28) is GRANTED. Having considered the original motion to dismiss, briefing on that motion, pleadings, supplemental briefing and evidence submitted after the conversion, and the applicable law, the court is of the opinion that summary judgment should be GRANTED.

**I. Background**

This is an Employee Retirement Income Security Act ("ERISA") case in which plaintiff Experience Infusion Centers, LLC ("Experience) contends that Flowers should reimburse Experience for benefits due to Fernando Martinez, who was an employee of Flowers. Dkt. 1-3 (original petition). Experience provided infusion therapy to Martinez, and Martinez assigned his medical

benefits under the health plan provided by Flowers to Experience.[1]  *Id.*  Experience contends that Flowers wrongfully denied benefits due to Martinez.  *Id.*  It seeks recovery under § 502(a)(1)(B) of ERISA (29 U.S.C. § 1132(a)(1)(B)).[2]  *Id.*

Flowers filed a motion for judgment on the pleadings in which it argued that (1) Experience lacked standing to bring the claim because the ERISA plan under which Martinez was to receive benefits has an anti-assignment provision; (2) Experience did not allege any facts regarding how Flowers failed to comply with any terms of the plan; (3) payments were made consistent with the terms of the plan; and (4) Experience did not exhaust all administrative remedies required under ERISA before filing suit. Dkt. 20.  The court considered the motion and briefing and issued an order on October 18, 2019, converting the motion for judgment on the pleadings to a motion for summary judgment and providing a briefing schedule.  Dkt. 26.  The parties have now submitted their supplemental briefing and evidence, and the motion for summary judgment is ripe for disposition.

## II.  LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986).  If the moving party meets

---

[1]  It is undisputed that the health care plan at issue in this case is governed by ERISA.

[2]  Experience originally asserted additional claims, but it non-suited all claims except the § 502(a)(1)(B) claim against Flowers. Dkt. 11.

its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

### III. ANALYSIS

Flowers contends that Experience does not have standing to bring a claim under § 502(a)(1)(B) because Experience is neither a participant nor beneficiary of the ERISA plan at issue. Dkts. 25; 27. The plan states that the "terms and provisions of each Component Plan, as set forth in the applicable Component Documents, are incorporated by reference herein." Dkt. 20, Ex. 1., Ex. A. The "Component Documents" as defined in the definitions of the plan include the "summary plan descriptions." *Id.* The "Summary Plan Description" ("SPD") specifically states that "Blue Cross Blue Shield of Alabama will not honor an assignment of your claim to anyone." Dkt. 20, Ex. 1, Ex. B. Blue Cross Blue Shield of Alabama is the "Third Party Administrator" of the plan. Dkt. 27-3 at 64.

Experience argues that (1) Flowers is a proper defendant because it is the entity that sponsors and administers the plan and even if Blue Cross Blue Shield of Alabama ("BCBSA") is named as the Third Party Administrator, BCBSA and Flowers are closely intertwined; (2) the anti-assignment language "simply stipulates that an assignment of the individual's claim will not be honored to anyone," but it relates only to claims filed with BCBSA, not claims filed with Flowers; and (3) Martinez's assignment is for services rendered, not benefits conferred, so the provision does not

3

apply.³ Dkt. 29. With regard to the argument that Flowers is a proper defendant, Flowers does not move for summary judgment on the basis that it is not a proper defendant, so this argument is inconsequential. With regard to the argument that only BCBSA, not Flowers, prohibited assignment, the SPD states that BCBSA is administering the plan *for Flowers*, so Experience's second argument, like its first, is inconsequential. With regard to Experience's third argument—that Martinez only assigned services, not benefits—Experience's lawsuit is brought under § 502(a)(1)(B) of ERISA, which provides for the recovery of "*benefits*" due under the terms of an ERISA plan. 29 U.S.C. § 502(a)(1)(B) (emphasis added). The anti-assignment provision thus applies to the request Experience makes in this lawsuit for benefits allegedly due to Martinez.

Having disposed of Experience's three arguments why the anti-assignment clause should not be enforced, the court turns to the impact this valid and enforceable clause has on Experience's claim. The anti-assignment clause unambiguously states that the third party administrator of the plan will not honor an assignment of Martinez's claim. "ERISA does not supply the provider with a basis for bringing its claim directly against [an ERISA plan or plan administrator]; instead, the provider's standing . . . must be derived from the beneficiary and it is subject to any restrictions contained in the plan. If the provider lacks standing to bring the lawsuit due to a valid and enforceable anti-assignment clause, then federal courts lack jurisdiction to hear the case." *Dialysis Newco, Inc. v. Cmty. Health Sys. Grp. Health Plan*, 938 F.3d 246, 250 (5th Cir. 2019) (citing *LeTourneau Lifelike*

---

³ In its response to the motion for judgment on the pleadings, Experience conclusorily asserted that there were also misrepresentations by Flowers, and it was unclear if it was asserting that these alleged misrepresentations related to the anti-assignment clause. *See* Dkt. 23. Experience, however, does not assert that there were any misrepresentations relating to the anti-assignment provision in its supplemental response, and it presents no evidence creating an issue of material fact with regard to misrepresentations. *See* Dkt. 29.

*Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.*, 298 F.3d 348, 353 (5th Cir. 2002)). Here, the valid and enforceable anti-assignment clause causes Experience to lack standing and causes this court to lack jurisdiction. Accordingly, the motion for summary judgment on the ground that Experience lacks standing is GRANTED.[4]

### IV. CONCLUSION

Flowers's motion for judgment on the pleadings (Dkt. 19), which the court has converted to a motion for summary judgment, is GRANTED because Experience lacks standing and this court consequently lacks jurisdiction. Flowers's claims are DISMISSED WITHOUT PREJUDICE. The court will enter a final judgment concurrently with this memorandum opinion and order.

Signed at Houston, Texas on January 2, 2020.

_____
Gray H. Miller
Senior United States District Judge

---

[4] The court does not address Flowers's other grounds for dismissal because it lacks jurisdiction.